White & Case LLP v Shipman Assoc., LLC (2023 NY Slip Op 01249)

White & Case LLP v Shipman Assoc., LLC

2023 NY Slip Op 01249

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Acosta, P.J., Manzanet-Daniels, Kapnick, Shulman, Higgitt, JJ. 

Index No. 653098/17 Appeal No. 17482 Case No. 2022-00431 

[*1]White & Case LLP, Plaintiff-Respondent,
v
Shipman Associates, LLC, Defendant -Appellant.

Andrew W. Hayes, New York, for appellant.
White & Case LLP, New York (Joshua A. Berman of counsel), for respondent.

Order, Supreme Court, New York County (Nancy Bannon, J.), entered on or about July 7, 2021, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing plaintiff's breach of contract and account stated claims, or for partial summary judgment limiting the amount of damages that can be recovered, and granted plaintiff's motion for summary judgment as to liability on its breach of contract claim, unanimously affirmed, with costs.
In February 2016, the parties entered into a written engagement agreement pursuant to which plaintiff agreed to provide legal services in connection with the proposed sale of defendant's business in exchange for the payment of plaintiff's hourly rates. Plaintiff would bill defendant upon the earlier of either defendant's abandoning the proposed sale or the closing of the proposed sale. The engagement letter permitted defendant to discharge plaintiff for any reason and at any time, upon reasonable notice. In the event of discharge, plaintiff would be entitled to all unpaid fees, costs, out-of-pocket expenses, and disbursements, within 30 days of such discharge. Plaintiff was also permitted to withdraw from representation of defendant under certain circumstances. In the event of withdrawal, defendant was to immediately pay all unpaid fees, costs, out-of-pocket expenses, and disbursements to plaintiff. In November 2016, the parties entered into an amended engagement agreement in which plaintiff agreed to defer payment for two additional work streams until the end of the proposed sale engagement. The amended engagement agreement was substantially identical to the engagement letter. In March 2017, plaintiff's retention ended acrimoniously.
The court properly rejected defendant's argument that it was entitled to partial summary judgment limiting plaintiff's recoverable fees to the "ratable proportion" of the work it completed based on plaintiff's initial fee estimate provided at the start of the parties' business relationship. The record is clear that the parties never agreed to a cap on fees and defendant did not eliminate any issues of fact concerning the amount of the fee estimate or explain what the pro rata share of fees would be.
The motion court properly granted plaintiff summary judgment as to liability since it established that a valid contract for legal services existed between the parties, that plaintiff performed legal work for defendant's benefit pursuant to that contract, and that defendant has not paid following termination of its services (see Flomenbaum v New York Univ., 71 AD3d 80, 85-86 [1st Dept 2009], affd 14 NY3d 901 [2010]). Contrary to defendant's contention, the motion court did not hold that it must pay 100% of the fees billed, but appropriately deferred the issue of the amount of damages for trial, which would include the issue of whether the firm impermissibly charged an excessive fee (see Matter of Cooperman, 83 NY2d 465 [1994]).
Defendant's arguments that rule [*2]1.5 of the Rules of Professional Conduct (22 NYCRR 1200.0) rendered the subject contract unenforceable and that plaintiff's failure to send a "Notice of a Client's Right to Arbitrate" together with its invoice relieved defendant of its obligation to pay legal fees to plaintiff, were not raised below and are unpreserved for review (see Matter of Tatyana M. v Mark R., 205 AD3d 420, 422 [1st Dept 2022]). Even if considered, on this record, there is no basis to dismiss the contract claim under rule 1.5. Nor was plaintiff required to send a separate notice of defendant's right to arbitrate (see Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd., 44 AD3d 581, 583 [1st Dept 2007]).
As for the account stated claim, the issue is likely moot to the extent plaintiff is proceeding on a breach of contract theory. Issues of fact exist as to whether the billing updates sent by plaintiff give rise to an account stated, or whether no inference of an implied agreement can be drawn, particularly since, at the time the billing updates were sent, defendant had no obligation to pay under the terms of the retainer agreement (see Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 438 [1st Dept 2012]; Gurney, Becker & Bourne v Benderson Dev. Co., 47 NY2d 995, 996 [1979]; see also Ween v Dow, 35 AD3d 58, 61-62 [1st Dept 2006]). We decline to reach defendant's unpreserved argument that the claim is duplicative.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023